**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **GARDNER MCKAY WEAVER,** | * | |
| **AIS #228713,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **vs.** | * | **CIVIL ACTION NO. 11-00385-WS-B** |
| | * | |
| **DEBRA TONEY,** *et al.*, | * | |
| | * | |
| **Defendants.** | * | |

<u>**REPORT AND RECOMMENDATION**</u>

This action, which is before the Court on Plaintiff's Motion for Leave to Amend Complaint (Doc. 20), has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2 (c)(4) for appropriate action. Upon a careful review of Plaintiff's Motion, the undersigned recommends that the motion be **granted, in part, and denied in part.**

**I.  Motion to Amend. (Doc. 20).**

In his Complaint filed on August 11, 2011, Plaintiff, a state inmate, alleges that he sustained an injury to his eye while attempting to "light a pilot on the stove" at the Atmore Work Release Center. Weaver alleges that Defendant Toney, the warden at the Center, is liable because he had warned officials that the light was faulty and dangerous. Weaver also alleges that Correctional Medical Services is liable because they denied his request to see an eye doctor for his injury.

1

Defendant Correctional Medical Services filed its Answer and Special Report on November 18, 2011 (Docs. 13, 14) and Defendant Toney filed her Answer and Special Report on December 8, 2011 (Docs. 18, 19). Plaintiff filed the instant motion seeking to amend his Complaint on December 13, 2011 (Doc. 20). In his motion, Plaintiff seeks to amend his Complaint for the following reasons: (1) to include a "jury trial demand"; (2) to add Prison Commissioner, Kim Thomas, as a defendant; (3) to clarify that Defendants are being sued in their individual and official capacity; and (4) to invoke 42 U.S.C. § 1976, an award of attorney fees. (Id.).

## II. Standard of Review

"The grant of leave to amend is committed to the district court's discretion, but Fed. R. Civ. P. 15(a) provides that 'leave shall be freely given when justice so requires.'" Fed. R. Civ. P. 15(a); Shipner v. Eastern Air Lines, Inc., 868 F.2d 401, 407 (11th Cir. 1989); Nat'l Indep. Theatre Exhibitors, Inc. v. Charter Fin. Grp., Inc., 747 F.2d 1396, 1404 (11th Cir. 1984)(quoting Fed. R. Civ. P. 15(a)). "[T]he district court may consider such factors as 'bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, [and] futility of amendment.'" Nolin v. Douglas County, 903 F.2d 1546,

1550 (11th Cir. 1990) (quoting <u>Foman v. Davis</u>, 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962)), <u>overruled on other grounds</u>, <u>McKinney v. Pate</u>, 20 F. 3d 1550, 1559 (11th Cir. 1994). Permission to amend may be denied when the claim, as amended, is subject to dismissal. <u>See</u> <u>Halliburton & Assoc. v. Henderson, Few & Co.</u>, 774 F.2d 441, 444 (11th Cir. 1985).

**III. Analysis**

    **A. Jury Trial Demand**

As noted supra, Plaintiff seeks to add a demand for a jury trial. (Doc. 20 at 1, ¶ 1). A party desiring a jury trial as to any particular issue is required to file and serve a demand for jury trial within two weeks "after the last pleading directed to the issue is served." Fed. R. Civ. P. 38(b)[1]. "The last pleading in Rule 38 usually means an answer or a reply to a counterclaim." *See* <u>In re: Texas General Petroleum Corp</u>., 52 F. 3d 1330, 1339 (5th Cir. 1995); *see also* Fed. R. Civ. P. 7(a) (listing the pleadings recognized by the Rules). In this case,

---

[1]  Fed. R. Civ. P. 38(b) provides:

> On any issue triable of right by a jury, a party may demand a jury trial by: (1) serving the other parties with a written demand--which may be included in a pleading--no later than 14 days after the last pleading directed to the issue is served; and (2) filing the demand in accordance with Rule 5(d).

Fed. R. Civ. P. 38(b).

Plaintiff filed the instant motion seeking to add a jury demand on December 13, 2011, which is less than a week after the Answer of the last Defendant, Debra Toney, was filed. Accordingly, Plaintiff's jury demand was timely filed, and the undersigned thus recommends that Plaintiff's motion to add a jury demand be **granted.**

### B. Kim Thomas

In his Motion to Amend, Plaintiff also seeks to add Kim Thomas as a defendant. The law of this circuit is clear that "a district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile." Hall v. United Ins. Co. of America, 367 F. 3d 1255, 1263 (llth Cir. 2004). "When a district court denies the plaintiff leave to amend a complaint due to futility, the court is making the legal conclusion that the complaint, as amended, would necessarily fail." St. Charles Foods, Inc. v. America's Favorite Chicken Co., 198 F. 3d 815, 822-23 (llth Cir. 1999). The futility threshold is akin to that for a motion to dismiss; thus, if the amended complaint could not survive Rule 12(b)(6) scrutiny, then the amendment is futile and leave to amend is properly denied. See, e.g., Burger King Corp. v. Weaver, 169 F. 3d 1310, 1320 (llth Cir. 1999) (denial of leave to amend justified by futility when "complaint as amended is still subject to dismissal"); Amick v. BN & KM, Inc., 275 F. Supp. 2d 1378, 1381 (N.D. Ga.

2003)("In the Eleventh Circuit, a proposed amendment is futile when the allegations of the proffered complaint would be unable to withstand a motion to dismiss.").

A district court may dismiss a complaint if the facts as pled do not state a claim for relief that is plausible on its face. Sinaltrainal v. Coca-Cola Co., 578 F. 3d 1252, 1260 (11th Cir. 2009)(citing Ashcroft v. Iqbal, 556 U.S. __, __, 129 S.Ct. 1937, 1950 (2009)). Although a complaint need not contain detailed factual allegations, it must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. at 1261 (quoting Iqbal, 129 S.Ct. at 1949).

Plaintiff did not attach his proposed Amended Complaint to his motion; however, in the motion, he asserts that in her role as Prison Commissioner, Kim Thomas is over the total operation of the Alabama Department of Corrections Prison System and thus, she should be held liable for Plaintiff's injury. (Doc. 20 at 1, ¶ 2). Plaintiff fails to provide any facts asserting that Kim Thomas was somehow personally involved in the alleged violations, or that she took any actions or failed to take any actions that resulted in his alleged injury. Based upon this allegation, it appears that Plaintiff is seeking to hold Defendant Thomas vicariously liable for the acts of her subordinates. However, vicarious liability is not recognized as a theory for recovery under § 1983. Iqbal, 556 U.S. at ___, 129

S.Ct. at 1948. In other words, a defendant who occupies a supervisory position may not be held liable under a theory of respondeat superior in a § 1983 action. In order for supervisory liability to attach under § 1983, the supervisor must have personally participated in the alleged constitutional violation or there must be a causal connection between actions of the supervising official and the alleged constitutional deprivation. Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990). Because Plaintiff's allegations against Kim Thomas are based on her supervisory role, the undersigned recommends that to the extent Plaintiff seeks to add Kim Thomas as a defendant that the motion be **denied** as futile.

### C. Individual and Official Capacities

In his motion, Plaintiff indicates that he is seeking to sue Defendants in both their individual and official capacities. (Doc. 20 at 1, ¶ 3). Plaintiff's Complaint is silent as to the capacity in which Defendants are being sued; however, in deference to Plaintiff's *pro se* status, his motion seeking to clarify that this action is being filed against Defendants in their individual and official capacities should be granted with

respect to Defendant Debra Toney[2]. *See* <u>Crawford</u>, 906 F. 2d at 673.

### D. Attorney Fees

In his motion, Plaintiff seeks to add a claim for attorney fees. (Doc. 20 at 1, ¶ 4). The Civil Rights Attorney's Fees Awards Act of 1976 provides that attorney's fees may be awarded to the prevailing party in a § 1983 action. 42 U.S.C. § 1988(b). The Eleventh Circuit has made clear that pro se plaintiffs are not entitled to recover to attorney fees under 42 U.S.C § 1988(b). <u>Cofield v. City of Atlanta</u>, 648 F.2d 986, 987 (5th Cir., Unit B, 1981). Accordingly, as a pro se litigant, Plaintiff is not permitted to collect attorney fees in the event that his § 1983 action is successful. Therefore, his request to include a claim for attorney's fees is **denied.**

### III.    Conclusion

Based upon the foregoing reasons, it is recommended that Plaintiff's Motion of Leave to Amend be **granted in part, and denied, in part.** Specifically, the undersigned recommends that Plaintiff's request to include a "jury trial demand" and to clarify that his claims against Defendant Toney are in both her

---

[2] The other Defendant, Correctional Medical Services, is a corporation; thus, the capacity labels are not applicable to it.

official capacity and individual capacity be granted, and that the motion be denied in all other respects.

The instructions that follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

DONE this **2nd** day of **February, 2012.**

**/s/ SONJA F. BIVINS**
**UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1.  **Objection**.  Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[3] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

---

[3]  Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]"  Fed.R.Civ.P. 72(b)(2).

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **Opposing party's response to the objection.**   Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection. Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.   **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this **2nd** day of **February, 2012.**

                    /s/ SONJA F. BIVINS
                UNITED STATES MAGISTRATE JUDGE